UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

March 21, 2003

Memo To Counsel Re: Delbert Thomas Moore, Jr. v. Richard Alan Simmons
Civil No. JFM-02-4071

Dear Counsel:

    I have reviewed the papers submitted in connection with defendant's motion to dismiss and/or for summary judgment. The motion will be treated as one to dismiss, and, as such, is granted with leave being granted to plaintiff to file an amended complaint on or before April 7, 2003.[1]

    The record is undisputed that plaintiff failed to give notice of his state law claims to the County Attorney for Anne Arundel County as he was required to do under Maryland's Local Government Tort Claims Act, Maryland Code Ann., Cts. & Jud. Proc. §§5-301, *et seq.* To the extent that *Downey v. Collins*, 866 F. Supp. 887 (D. Md. 1994) suggests that such notice is not required because defendant is being sued in his individual capacity, I decline to follow it. Clearly, plaintiff's claims against defendant arise out of conduct in which plaintiff engaged as a County police officer. That is sufficient to trigger the provisions of the Local Government Tort Claims Act. *See Lyles v. Montgomery County*, 162 F. Supp. 2d 402, 405 (D. Md. 2001).

    Defendant also contends that plaintiff's complaint fails to provide even the "short and plain statement" of his claim required by Fed. R. Civ. P. 8(a). Of course, this case was initially filed in the Maryland District Court which has even more liberal pleading standards than do the Federal Rules. Nevertheless, the allegations made by plaintiff are so conclusory that I deem it appropriate to require him to amend his complaint to provide a short statement of the facts upon which he is basing his federal constitutional claim (the only claim remaining in the action).

    Despite the informal nature of this ruling, it shall constitute an Order of Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

---

[1] One of the arguments made by defendant - that plaintiff's claims are barred by laches, - is without merit. The doctrine of laches applies only to bar equitable actions. *Lyons Partnership, LP v. Morris Costumes, Inc.*, 243 F.3d 789, 797 (4th Cir. 2001). Here, plaintiff asserts only legal claims for monetary relief.

/s/
J. Frederick Motz
United States District Judge