**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| DELBERT THOMAS MOORE, JR. | * | |
| Plaintiff | * | |
| v. | * | Case No. JFM 02-CV4071 |
| RICHARD ALAN SIMMONS | * | |
| Defendant | * | |

\* \* \* \* \* \* \*

**MEMORANDUM OF LAW IN SUPPORT OF THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

The defendant, Police Officer Richard Simmons (ret.), respectfully submits the following memorandum of law in support of his motion for summary judgment:

**I. BACKGROUND**

The instant action is a false arrest claim brought pursuant to 42 U.S.C. §1983. The action stems from the arrest of the plaintiff by defendant police officer Richard Simmons (ret.)[1] on July 22, 1999.

Defendant Simmons, at the time an Anne Arundel County police officer, parked his car in the parking lot of the "Cancun Cantina" bar/restaurant at or near its' closing time in the early morning hours of July 22, 1999. The preceding Wednesday evening was "ladies night" and was a popular evening for local party-goers. Simmons was present to see that closing went smoothly and that overly intoxicated patrons did not attempt to drive

---

[1] Simmons is now an attorney employed by the Maryland Office of the Public Defender.

home.

As Simmons stood a distance away from his parked police cruiser, he observed the plaintiff peer (look) into the interior of his car. He then observed the plaintiff summon (by waving) another individual to approach the car. That individual, now known to be a friend of the plaintiff, walked toward the police car and, standing along side of the plaintiff, also peered into the vehicle. As the unknown individual and the plaintiff peered into the police car, plaintiff Moore raised his head several times and looked around premises. Inside the defendant's police car mounted within a bracket on the floor was a Remington 870 shotgun. The plaintiff observed this weapon. The plaintiff's friend grabbed the car's door handle and pulled on it in an apparent attempt to open the car door.

Defendant Simmons, observing the above activity, approached the two individuals. When the individuals observed Simmons, they began to walk away. Simmons arrested the plaintiff but the second individual was able to escape arrest.

Plaintiff Delbert Moore was taken to the police station and charged with Tampering with a Motor Vehicle pursuant to Transportation Article §14-104(a) of the Annotated Code of Maryland. He was released on his own recognizance 50 minutes after arriving at the station. Trial on the charge was held in the District Court of Maryland on November 8, 1999 before the Honorable James W. Dryden. The plaintiff's motion for a directed verdict at the close of the State's case was denied. Ultimately, the Court entered a verdict of not guilty on the charge because the Court credited the plaintiff's account that he was simply curious about the contents of the police car.

The plaintiff filed suit on July 22, 2002 in the District Court of Maryland alleging as causes of action malicious prosecution, false arrest, abuse of process, and false arrest/malicious prosecution under a single count pursuant to 42 U.S.C. §1983. The defendant filed a timely notice of removal to this Court. The defendant filed a motion to dismiss the State law claims based upon the plaintiff's failure to provide notice of his claim as required by the Local Government Tort Claims Act, Cts. & Jud. Proc. Art. §5-304. This Court granted the motion on March 21, 2003, leaving only the claim asserted under §1983.

The absence of probable cause is the foundation of the §1983 claim. Because probable cause to arrest the plaintiff existed as a matter of law, however, the defendant moves for summary judgment in his favor.

## II. STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is to be

> rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has described this provision as "an integral part" of the Rules which is "designed to secure the just, speedy and inexpensive determination of every action." Celotex Corp. v. Catrette, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555 (1986). As such it

> must be construed with due regard . . . for the rights of persons

>opposing . . . claims . . . to demonstrate in the manner provided by the Rule, prior to trial, that the claims . . . have no factual basis.

Id. Celotex places on the moving party the "initial responsibility of informing the district court of the basis for its motion" and then identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." Id. at 323, 106 S.Ct. at 2553. The burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." Rule 56(e). The non-movant cannot rest upon unsupported allegations, in his pleadings or elsewhere, but must show "significant probative evidence" to support those allegations. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510 (1986). Moreover, " '[a] mere scintilla of evidence is not enough to create a fact issue; there must be evidence on which a jury might rely.'" Barrick v. Celotex, 736 F.2d 946, 958-59 (4th Cir. 1984). If the non-movant fails to do so, then the Court has "an affirmative obligation . . . to prevent 'factually unsupported claims . . .' from proceeding to trial." Felty v. Graves-Humphrey Co., 818 F.2d 1126, 1128 (4th Cir. 1987). The defendant respectfully suggests that the Court is obligated to prevent this factually and legally deficient claim from proceeding to trial.

### III. UNDISPUTED FACTS

The following facts are undisputed and entitle the defendant to judgment as a matter law:

1. Richard Simmons was an Anne Arundel County, Maryland police officer "at all times relevant" to this action (Complaint ¶ 2).

2. On July 22, 1999 at approximately 1:45 a.m., defendant Simmons parked his

marked Anne Arundel County police car in the parking lot near the "Cancun Cantina" bar/restaurant located at 7501 Old Telegraph Road in Anne Arundel County, Maryland (exhibit 1- District Court of Maryland "Statement of Probable Cause").

3. While outside of his vehicle, Simmons observed the plaintiff standing next to his car and look inside it. He then motioned for another individual to approach the car (exhibit 1).

4. The two men talked and looked into the vehicle with their hands "cupped around their faces". One pointed to an object inside the car (exhibit 1; exhibit 2-sworn statement of Delbert Moore, page 2).

5. As the other male looked into the car, plaintiff Simmons looked up and moved his head back and forth, as if looking around for the presence of people (exhibit1; exhibit 3- deposition excerpt of Delbert Moore page 18 line 2 to page 19 line 6).

6. As Moore looked around, the other individual grabbed the driver's door handle (exhibit 1).

7. Inside the vehicle was a Remington 12 gauge shotgun (exhibit 1). The gun was observed by the plaintiff (exhibit 2 page 2).

8. Defendant Simmons, observing the suspicious behavior of the plaintiff and his companion, approached the two men. Plaintiff and the other individual, upon observing Simmons, began to walk away (exhibit 1; exhibit 2 page 2).

9. As Simmons approached, he verbalized his suspicion that the two men were attempting to break into his police car (exhibit 2 page 2: "He accused us of trying to break

into his car").

10. Simmons at no time gave the plaintiff permission to tamper with his vehicle (exhibit 1).

11. After the plaintiff was arrested, he inquired of defendant Simmons the basis for his arrest. Simmons informed the plaintiff that he thought plaintiff was acting as a "look out" for his friend (exhibit 2 page 2).

12. The District Court trial judge clearly believed that there was probable cause for the plaintiff's arrest, as he denied the plaintiff's motion for judgment at the close of the State's case (exhibit 4 - transcript of District Court Criminal Trial W121535, page 8 line 24 to page 9 line 3) and he acquitted the plaintiff on the basis that he believed the plaintiff was simply curious about the police car (exhibit 4 page 15 lines 7 to page 16 line 1).

## IV. ARGUMENT

### A. THE DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT BECAUSE PROBABLE CAUSE EXISTED AS A MATTER OF LAW

The Supreme Court has stated that "The first inquiry in any §1983 suit is to isolate the precise constitutional violation with which the defendant is charged." *Graham v. Connor,* 490 U.S. 386, 394, 109 S.Ct 1865, 1870 (1989) quoting *Baker v. McCollan,* 443 U.S. 137, 140, 99 S.Ct 2689, 2692 (1979). This is because different provisions of the Constitution afford different protections. *Id.* A review of the plaintiff's allegations reveals that the plaintiff's cause of action sounds in false arrest, a claim falling within the purview of the Fourth Amendment's proscription against unreasonable searches and seizures. The foundation of such a claim is

the absence of probable cause to arrest. The defendant is entitled to summary judgment, however, because probable cause to arrest the plaintiff for the offense of Tampering with a Motor Vehicle existed as a matter of law.

Transportation Article §14-104 of the Annotated Code of Maryland, captioned "Damaging or tampering with vehicle" states, in pertinent part:

> (a) In general.- A person may not willfully damage or tamper with any vehicle without the consent of its owner.

The seminal case addressing this statute is *In Re John R.*, 41 Md.App. 22, 394 A.2d 818 (1978). The Maryland Court of Special Appeals, in interpreting the "tampering" provision of the statute, concluded that criminal intent, or "*mens rea*" was not an element of the offense. Further, in seeking a definition of the term "tamper" the Court looked to Ballentine's Law Dictionary 1254 (3d ed. 1969) which defined tampering as:

> "Meddling; interfering. Making corrupting or perverting changes. Foolish or trifling experimentation. United States v. Tomicich, 41 F. Supp. 33 (D.C. Pa).
>
> The word does not necessarily imply the commission of a criminal act. Keefe v. Donnell, 92 Me 151, 159..."

*Id* at 41 Md. App. 24.

"Probable cause" is defined as "a nontechnical conception of a reasonable ground for belief of guilt, requiring less evidence for such belief than would justify a conviction, but more evidence than that which would arouse a mere suspicion". *Westcott v. State*, 11 Md. App. 305, 273 A.2d 824, *cert. denied*, 262 Md. 750 (1971). Only a probability, and not a *prima facie* showing of criminal activity, is the standard for probable cause. *Id*. Probable

cause is measured by the facts and circumstances as known *by the arresting officer* at the time of an arrest [emphasis added]. *Id.* Thus, the issue in this case is whether the facts and circumstances, as known to officer Simmons at the time, warranted a belief amounting to more than a mere suspicion that the plaintiff engaged in "foolish or trifling experimentation". The defendant respectfully suggests that probable cause existed as a matter of law.

Officer Simmons personally observed the events forming the basis of the plaintiff's arrest. He observed one man peer into his vehicle and then summon another to his side. Both men then peered into the vehicle. During this time the plaintiff occasionally lifted his head and turned it, appearing to Officer Simmons as though he were concerned about the presence of the police. Inside the police car was a shotgun, an item any Officer could reasonably believe to be the target of a thief. Simmons observed one of the men place his hand on the car's door handle and manipulate it, during which the plaintiff occasionally lifted his head and looked about.

The plaintiff was charged with tampering with a motor vehicle, an offense that requires no evil intent. At the criminal trial, the trial Judge clearly found probable cause for the arrest as he denied the plaintiff's motion for judgment of acquittal and *ultimately based his decision on the expressed innocence by the plaintiff.* Thus, the Court implicitly held that had the plaintiff *not* testified and had thus left the State's evidence unchallenged, sufficient evidence to warrant a conviction existed. The Court specifically found that it could find the plaintiff guilty on the evidence if the Court did not believe the plaintiff (See opinion of the Court, exhibit 4 page 15-16).

The defendant respectfully submits that these undisputed facts established probable cause as a matter of law. Accordingly, the plaintiff's claim must fail.

**B. THE DEFENDANT IS ENTITLED TO QUALIFIED IMMUNITY**

The doctrine of qualified immunity provides that "government officials performing discretionary functions are generally shielded from liability for civil damages insofar as their conduct does not violate clearly established [federal] statutory or constitutional rights of which a reasonable person would have known". *Harlow v. Fitzgerald*, 457 U.S. 800, 818, (1982), accord *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985), *Anderson v. Creighton*, 483 U.S. 635, 638-39 (1987). The doctrine is designed to "avoid excessive disruption of government and permit resolution of many insubstantial claims on summary judgment". Harlow, 457 U.S. at 818. Moreover, "police will not be immune if, on an objective basis, it is obvious that no reasonably competent officer would have concluded that probable cause existed; but if officers of reasonable competence could disagree on this issue, immunity should be recognized". *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Thus, "when the legality of a particular course of action is open to reasonable dispute, an officer will not be subjected to trial and liability". *Figg v. Schroeder*, 312 F.3d 625 (4th Cir. 2002). Qualified immunity shields officials from liability for "bad guesses in gray areas; they are only liable for transgressing bright lines". *Marciariello v. Sumner*, 973 F.2d 295, 298 (4th Cir. 1992). Further, the doctrine protects "all but the plainly incompetent and those who knowingly violate the law". *Malley,* supra.

Even if, in retrospect, it could be concluded that probable cause to arrest did not exist,

9

the undisputed facts and the nature of the offense of "tampering" demonstrate that the issue is not so plainly clear that any law enforcement officer would have so concluded. In other words, the legality of this issue is, at a minimum, "open to reasonable dispute" ( *Figg v. Schroeder*, supra.) and any illegality was not so "obvious" (*Malley v. Schroeder*, supra.) to a reasonably competent police officer. It cannot be said based on the facts in this record that defendant Simmons "transgressed a bright line". *Marciareillo v. Sumner,* supra. The plaintiff admits to peering into a parked police cruiser, at night, for several minutes, during which he lifted his head and looked around in what was reasonably perceived by Simmons to be a suspicious manner. A valuable shotgun was in plain view within the vehicle. The plaintiff walked away from the officer upon his approach, further heightening the appearance of suspicious conduct. The defendant respectfully submits that, based upon these undisputed facts as viewed by Officer Simmons at the time, the issue of probable cause is, at a minimum, subject to reasonable debate.[2] Accordingly, he is entitled to qualified immunity and summary judgment in his favor.

## IV. CONCLUSION

Because probable cause to arrest the plaintiff existed his claim for unlawful arrest

---

[2] Any suggestion by the plaintiff that Simmons arrested the plaintiff for any purpose other than to charge him for tampering is belied by the undisputed facts. The plaintiff readily concedes that at the time of the incident Simmons revealed his perceptions by accusing the plaintiff of attempting to break into his car (exhibit 2 page 2). Further, during the ride to the police station Simmons informed the plaintiff that he believed that the plaintiff was acting as a look-out for his friend (exhibit 2 page 2). Moreover, any suggestion of ulterior motive would be irrelevant. The Fourth Amendment is measured by purely objective criteria, regardless of the subjective intent of the officer. *Graham v. Connor*, supra. at 490 U.S. 394. See also *Whren v. United States*, 517 U.S. 806, 812-813,116 S. Ct. 1769, 1774 (1996) (officer's motive does not invalidate objectively justifiable behavior under the Fourth Amendment).

under the Fourth Amendment must fail. At a minimum, the issue of whether probable cause existed is fairly debatable, and its absence was not so clear that the defendant should have known an arrest of the plaintiff would violate a constitutional right. Accordingly, the defendant is entitled to qualified immunity from liability and summary judgment should be entered in his favor.

          Respectfully submitted,

          _____
          Andrew J. Murray
          Senior Associate County Attorney
          Office of Law
          2660 Riva Road, 4th Floor
          Annapolis, Maryland 21401
          (410) 222-7888

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 31st day of March, 2003, a copy of the foregoing motion for summary judgment and memorandum in support thereof was sent first class mail postage pre-paid to:

W. Michel Pierson, Esquire
201 E. Baltimore Street, Suite 1420
Baltimore, Maryland 21202
(410) 727-7733
*Attorney for Plaintiff*

11

                                                _____
                                                Andrew J. Murray