## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DELBERT THOMAS MOORE, JR. | * | |
| Plaintiff | * | |
| v. | * | Case No. JFM 02-CV4071 |
| RICHARD ALAN SIMMONS | * | |
| Defendant | * | |

\*   \*   \*   \*   \*   \*   \*

### RESPONSE TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

The defendant, Police Officer Richard Simmons (ret.), respectfully submits the following response to the plaintiff's opposition to the motion for summary judgment:

### I. SUMMARY OF OPPOSITION

The plaintiff contends that summary judgment is precluded because there are genuine disputes of the material facts constituting probable cause. Specifically, the plaintiff's principal contentions in his opposition are that:

1. There is a dispute of fact as to whether plaintiff's friend, Kevin Donnells, touched the police car;

2. There is a dispute of fact over whether the plaintiff alighted from the car in a manner indicative of a consciousness of guilt or in response to the defendant's command to do so;

3. There is a dispute of fact as to whether other police officers were in the vicinity of the plaintiff; and

4. There is a dispute of fact over the reasons for Simmon's failure to arrest plaintiff's companion, Kevin Donnells.

The plaintiff sees this case as one of credibility and thus outside the purview of summary judgment (see opp. at page 6). There are several flaws in the plaintiff's analysis, however. First, the issue of whether Donnells touched the car is not, in reality, *genuinely* disputed. As the Court will see, the plaintiff was not in a position to observe Donnells' hands at all times because plaintiff was focused on the interior of the police car and, intermittently, at the front door to the establishment. Second, the facts identified as being in dispute are not material to the outcome and, third, the plaintiff fails to view the facts constituting probable cause *from the perspective of the defendant.*

### II. RESPONSE

### A. THERE IS NO GENUINE DISPUTE THAT DONNELLS TOUCHED THE CAR.

Plaintiff points to his deposition excerpts for the proposition that Kevin Donnells did not touch the door handle of the defendant's police car. A careful and complete review of the plaintiff's deposition testimony demonstrates, however, that he did not, and cannot, refute Simmons' contention that Donnells touched the car. The defendant directs the Court's attention to pages 15-20 of the plaintiff's deposition testimony (plaintiff's opposition exhibit 1). This testimony demonstrates that the plaintiff, while intoxicated and for a period of 2-3 minutes, directed his intention to the inside of the police car and to the front door of the establishment. Thus, he did not observe Donnells' hands at all times.

Simply stating that he did not see Donnells touch the car does not resolve this issue. Indeed, he concedes this point by surmising that Donnells may have touched the car:

Q: "Is it possible that he could have while your attention was directed into the interior of the car?

A: I doubt it, unless a fingertip touched it, but I doubt it".

Deposition excerpt of Delbert Moore, page 17 lines 11-15. Thus, Moore was not in a position to see Donnells' hands at all times, has no personal knowledge of whether Donnell's touched the car ("I doubt it"- little more than an expression of an opinion), and cannot refute the perception of defendant Simmons that Donnells attempted to manipulate the car door handle. Moore has failed to cite affirmative proof refuting Simmons' allegation.

**B. PLAINTIFF'S CONTENTION THAT HE MOVED AWAY FROM THE CAR AT THE DEFENDANT'S COMMAND IS NOT MATERIAL AS IT FAILS TO IMPEACH SIMMON'S PERCEPTION.**

Plaintiff contends that he moved away from the defendant's police car as a result of a command to do so by Simmons. Thus, according, to plaintiff, no inference of guilt in support of probable cause can arise. This contention is not only belied by the facts on the record, it fails to reflect Simmon's perception.

The parties agree that plaintiff moved away from the police car after Simmon's yelled at him. Significantly, he *continued* to walk away from Simmons without acknowledging him and with his back to Simmons (Moore Depo. page 20 lines 10-20; memorandum exhibit 2 page 2: "From behind us, a police officer approached us, and

3

started yelling for us to get away from his car...I glanced over at the police officer yelling at us, and **Kevin and I started to walk away**. We ... proceeded to walk towards the parking lot. The police officer followed ... **I turned around** and ...tried to explain..."). Thus, it was entirely reasonable for Simmons to perceive the plaintiff's conduct in walking away, after Simmons revealed his presence to Moore, with Moore's back turned and without acknowledging Simmons, as suspicious and indicative of a guilty conscience. Accordingly, the fact that the plaintiff walked away simply because he may have been told to get away from the officer's car cannot detract from the officer's perception that Moore's conduct was suspicious.

    **C. THAT OTHER OFFICERS MAY HAVE BEEN IN THE VICINITY IS NOT MATERIAL**.

    Plaintiff makes much about the presence of other police officers conversing nearby and suggests that he would not have tampered with a police car in the immediate presence of police officers. Plaintiff again mis-perceives the relevant issue.

    That there may have been, according to the plaintiff, other officers in the near vicinity[1] is of no moment because the focus for probable cause must be on the perceptions of officer Simmons. Simmons, as noted in the plaintiff's opposition, did not see any other police officers. Even assuming that other officers were present, that fact would not alter the formulation of probable cause from Simmons' perspective. Simmons observed what appeared to him to be a tampering with his automobile. That the other officers may not

---

[1] Moore makes no mention of the presence of other officers in his criminal trial testimony.

have noticed it or even have been concerned about it is of no moment. Simmons has either articulated probable cause from his perspective or he has not. What others may or may not have perceived is simply irrelevant.

### D. THE FAILURE TO ARREST DONNELLS IS NOT MATERIAL

Plaintiff suggests that summary judgment should be denied because the principal offender, Kevin Donnells, was not arrested. According to the plaintiff, this impugns the officer's motive and the existence of probable cause. Once again, this issue is not material to the analysis relative to the existence of probable cause.

That Simmons was capable of arresting only one individual at a time and apprehended the closest suspect should come as no surprise to anyone. More importantly, the analysis of the existence of probable cause ends at the time of the plaintiff's arrest. At that point, probable cause either existed or it did not[2]. Whatever subjective motivations the officer may have had are simply not relevant to the inquiry into probable cause-the arrest was either constitutionally founded or it was not. At the time of the plaintiff's arrest, the undisputed facts are that the plaintiff and his companion were observed (by

---

[2] As indicated in the defendant's memorandum in support of the motion, the comments of Judge Dryden in the District Court of Maryland criminal proceedings and the basis upon which he acquitted the plaintiff clearly indicate that, in his analysis, probable cause for the charge existed. He even went so far as to admonish the plaintiff for the foolishness of peering into a police car under the circumstances of the case (at night and at point-blank distance for an inordinate amount of time). Further, the plaintiff's motion for judgment of acquittal at the end of the State's case was denied. Implicit in this ruling was the Court's conclusion that probable cause to arrest existed. That the plaintiff had the opportunity to litigate and argue this point at that time is beyond dispute. Thus, a question of issue preclusion is raised. Undersigned counsel, however, was unable to find a case directly on point with this contention. Clearly, however, collateral estoppel applies to all issues that were or could have been raised in the earlier proceedings. Migra v. Warren City School District Bd. of Ed., 465 U.S. 75, 104 S. Ct. 892 (1984).

Simmons) peering into a police car at night with their hands cupped around their faces, for 2-3 minutes, with a shotgun in plain view inside, and while one individual grabbed the car's door handle, the plaintiff moved his head back and forth as if looking around for the presence of others. When summoned by Simmons, the plaintiff turned his back to Simmons and walked away. It was entirely reasonable for Simmons to perceive the plaintiff, through a probable cause analysis, as being an accomplice of Donnells for the offense of tampering.

### E. THE ABSENCE OF PROBABLE CAUSE MUST BE ABUNDANTLY CLEAR TO DEFEAT THE DEFENDANT'S QUALIFIED IMMUNITY.

Plaintiff contends essentially that due to the same factual disputes he has identified the defendant is not entitled to qualified immunity. This contention is far too simplified.

As noted in the defendant's memorandum of law, qualified immunity attaches to all but the most blatant of constitutional violations. Even when viewing the factual record here in a light most favorable to the plaintiff, it cannot be said that the existence of probable cause was patently and facially absent. Given the somewhat amorphous definition of "tampering" combined with the undisputed facts in this record, one cannot conclude that Simmons transgressed a bright line. Accordingly, even if, in retrospect,

probable cause technically did not exist, the issue is close enough to warrant attachment of qualified immunity from suit.

                                  Respectfully submitted,

                                  _____
                                  Andrew J. Murray
                                  Senior Associate County Attorney
                                  Office of Law
                                  2660 Riva Road, 4th Floor
                                  Annapolis, Maryland 21401
                                  (410) 222-7888

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 24th day of April, 2003, a copy of the foregoing motion for summary judgment and memorandum in support thereof was sent first class mail postage pre-paid to:

W. Michel Pierson, Esquire
201 E. Baltimore Street, Suite 1420
Baltimore, Maryland 21202
(410) 727-7733
*Attorney for Plaintiff*

                                  _____
                                  Andrew J. Murray